1  WOODRUFF, SPRADLIN & SMART, APC
   DANIEL K. SPRADLIN – State Bar No. 82950
2  dspradlin@wss-law.com
   555 Anton Boulevard, Suite 1200
3  Costa Mesa, California 92626-7670
   Telephone: (714) 558-7000
4  Facsimile: (714) 835-7787

5  Attorneys for Defendants COUNTY OF ORANGE, a public entity,
   TYLER HILSABECK, FANY RIVERA, S. ACEVEDO, LLOYD
6  NGUYEN, STEVEN ALEGRIA, J. ASCENCION-SAHAGUN, J.
   CASTELLANO, R. MACIAS, W. WILFERT, and B. KUNST, as
7  employees of COUNTY OF ORANGE, a public entity

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | DIANA ALVAREZ, in their individual      | CASE NO.: 8:19-cv-02072 JAK (JDEx)
      capacity and as successor in interest to
12   ANTHONY ACEVES,                         | BEFORE THE HONORABLE
                                               JOHN A. KRONSTADT
13                    Plaintiff,              | COURTROOM 10B

14 | v.                                       | **NOTICE OF MOTION AND
                                               MOTION OF HEALTH CARE
15   COUNTY OF ORANGE; and DOES 1             | AGENCY DEFENDANTS TO
     through 10, inclusive,                     DISMISS PLAINTIFF'S FIRST
16                                              AMENDED COMPLAINT;
                      Defendants.             | MEMORANDUM OF POINTS AND
17                                              AUTHORITIES**

18                                            | HEARING DATES PENDING:
                                               Type:  Motion to Dismiss
19                                             Date:  April 19, 2021
                                               Time:  8:30 a.m.
20
                                               Type:  Motion to Dismiss (Monell)
21                                             Date:  April 26, 2021
                                               Time:  8:30 a.m.
22
                                               Type:  Motion to Dismiss
23                                             Date:  July 19, 2021
                                               Time:  8:30 a.m.
24

25 ///

26 ///

27 ///

28 ///

*Left margin (vertical):* WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

1562402.1

1

TO:    PLAINTIFF AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 19, 2021, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10B of the above-entitled Court, located at the First Street Courthouse, 350 W. First Street, Los Angeles, California, Defendants J. CASTELLANO, R. MACIAS, W. WILFERT, and B. KUNST (collectively, the "Health Care Agency Defendants") will move the Court to dismiss the first, second, and third claims for relief set forth in the First Amended Complaint of Plaintiff DIANA ALVAREZ ("Plaintiff") because these claims fail to state a claim upon which relief can be granted. The Health Care Agency Defendants will also move to dismiss Plaintiff's claim for punitive damages as Plaintiff has failed to plead sufficient facts to support a claim for punitive damages.

This motion is brought under Federal Rules of Civil Procedure 12(b)(6), on the following grounds:

(1) Plaintiff lacks standing to bring the first claim for 42 U.S.C. section 1983 – Wrongful Death in her individual capacity for alleged violations of decedent's constitutional rights.

(2) The first, second, and third claims for relief fail to state a cognizable legal theory and fail to state sufficient facts to support a claim for relief.

(3) Plaintiff has failed to allege sufficient facts to support a claim for punitive damages.

This motion is made following a meet and confer conference held between counsel as required by L.R. 7-3. Counsel could not reach an agreement regarding the substance of this motion, necessitating the bringing of this motion to dismiss.

This motion will be based on this notice and the attached memorandum of points and authorities, as well as such further oral or documentary evidence that may be presented at the hearing on the motion.

///

///

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1   DATED:  March 10, 2021                    WOODRUFF, SPRADLIN & SMART, APC

2

3                                             By:_____

4                                                DANIEL K. SPRADLIN
                                                 BRIAN A. MOORE
5                                                Attorneys for Defendants COUNTY OF
                                                 ORANGE, a public entity, TYLER
6                                                HILSABECK, FANY RIVERA, S.
                                                 ACEVEDO, LLOYD NGUYEN, STEVEN
7                                                ALEGRIA, J. ASCENCION-SAHAGUN, J.
                                                 CASTELLANO, R. MACIAS, W.
8                                                WILFERT, and B. KUNST, as employees of
                                                 COUNTY OF ORANGE, a public entity

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

**1.** INTRODUCTION ..................................................................... 7
    **A.** Summary of First Amended Complaint ................................ 8
    **B.** Standard of Review .......................................................... 10
**2.** PLAINTIFF LACKS STANDING TO BRING THE FIRST CLAIM FOR RELIEF IN HER INDIVIDUAL CAPACITY FOR ALLEGED VIOLATIONS OF DECEDENT'S CONSTITUTIONAL RIGHTS ............ 12
**3.** THE FIRST AND SECOND CLAIMS FOR RELIEF SHOULD BE DISMISSED AS THEY FAIL TO STATE A CLAIM UNDER THE FOURTH, EIGHTH, OR FOURTEENTH AMENDMENTS ...................... 14
    **A.** THE FIRST AND SECOND CLAIMS FAIL TO STATE A CLAIM UNDER THE FOURTH AMENDMENT ........................... 14
    **B.** THE EIGHTH AMENDMENT DOES NOT APPLY TO PRE-TRIAL DETAINEES SUCH AS DECEDENT ................................ 15
    **C.** THE FIRST AND SECOND CLAIMS FAIL TO STATE SUFFICIENT FACTS TO SUPPORT DELIBERATE INDIFFERENCE AS REQUIRED UNDER THE FOURTEENTH AMENDMENT ................................................................... 15
**4.** THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED AS IT FAILS TO STATE SUFFICIENT FACTS TO SUPPORT DELIBERATE INDIFFERENCE UNDER THE FOURTEENTH AMENDMENT ................................................................... 18
**5.** PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS DEFICIENT ...... 18
**6.** CONCLUSION .......................................................................... 21

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1562402.1

1

# **TABLE OF AUTHORITIES**

2

Page

3

## **FEDERAL CASES**

4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................11

5

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990) ...................10

6

*Beliveau v. Caras*, 873 F. Supp. 1393 (C.D. Cal. 1995) .............................................11

7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..................................................11

8

*Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) ..............15, 16, 17, 18

9

*Clouthier v. County. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010) .......................16

10

*Daniels v. Williams*, 474 U.S. 327 (1986) ...................................................................16

11

*Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018) .....................................15

12

*Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) ...................................12

13

*Kingsley v. Hendrickson*, 576 U.S. 389 (2015) ...........................................................15

14

*Meniola-Martinez v. Arpaio*, 836 F.3d 1239 (9th Cir. 2016) ......................................15

15

*Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009).............................................12

16

*Smith v. Fontana*, 818 F.2d 1411 (9th Cir. 1987).................................................12, 13

17

*Smith v. Wade*, 461 U.S. 30 (1982)..............................................................................18

18

## **STATE CASES**

19

*Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal.App.3d 347 (1976) ...........................20

20

*Blegen v. Superior Court*, 125 Cal.App.3d 959 (1981)...............................................20

21

*Brewer v. Second Baptist Church*, 32 Cal.2d 791 (1948) ..........................................20

22

*Brousseau v. Jarrett*, 73 Cal.App.3d 864 (1977)........................................................20

23

*Ebaugh v. Rabkin*, 22 Cal.App.3d 891 (1972).............................................................20

24

*Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566 (1973)......................................................20

25

*Hughes v. Blue Cross of Northern California*, 215 Cal.App.3d 832 (1989)...............20

26

*Perkins v. Superior Court*, 117 Cal.App.3d 1 (1981)..................................................20

27

*Richardson v. Employers Liab. Assur. Corp.*, 25 Cal.App.3d 232 (1972)..................20

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1562402.1

# **TABLE OF AUTHORITIES**

Page

**FEDERAL STATUTES**

42 U.S.C. section 1983 ................................................................2, 7, 8, 12, 13, 14, 18

Rules of Civil Procedure 12(b)(6) ...................................................................... 2

**STATE STATUTES**

Civil Code section 3294........................................................................... 19, 20

**U.S. CONSTITUTION**

Fourteenth Amendment ..................................................................... 14

**OTHER**

Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 5.5...................... 19

1562402.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

Plaintiff has sued the County along with individual and DOE Defendants for wrongful death and survival claims under both federal and state law.  Plaintiff alleges that her son, Anthony Aceves, was incarcerated at the Theo Lacy Facility when, on May 23, 2019, he passed away due to a drug overdose. Plaintiff alleges that while decedent was incarcerated, he exhibited signs of severe mental health issues and drug use and that Defendants were deliberately indifferent to his basic life needs. Plaintiff further alleges that Defendants failed to prevent inmates from possessing and passing drugs into decedent's cell, failed to monitor inmates, failed to check on decedent's welfare, and failed to search his cell, all of which caused decedent's death.

In her First Amended Complaint, Plaintiff named twelve individual defendants, including J. Castellano, R. Macias, W. Wilfert, and B. Kunst (collectively, the "Health Care Agency Defendants"). Plaintiff's claims against six of the individual defendants (the "Sheriff's Department Defendants") focus on the alleged failure to monitor and supervise inmates and the alleged failure to prevent drugs from entering the jail and to detect drugs in jail.[1]  Plaintiff's claims against the Health Care Agency Defendants, along with two separately named doctors, focus on the placement of decedent in the general jail population despite the alleged severe mental health and drug issues exhibited by decedent.

Plaintiff alleges that the Health Care Agency Defendants were County employees and were responsible for the care, evaluation, and placement of decedent. Plaintiff has asserted the first, second, and third claims for relief against the Health Care Agency Defendants.  The first and second claims for relief are brought under 42 U.S.C. section 1983 and allege violations of decedent's Fourth, Eighth, and Fourteenth Amendment rights. The third claim for relief is also brought under 42

---

[1] The Sheriff's Department Defendants have filed a separated motion to dismiss which is scheduled to be heard on April 19, 2021.

1562402.1

U.S.C. section 1983 and alleges the deprivation of Plaintiff's right to a familial relationship with the decedent under the Fourteenth Amendment.

Plaintiff's first claim for relief should be dismissed because Plaintiff lacks standing to bring a wrongful death claim under 42 U.S.C. section 1983 in her individual capacity for alleged violations of decedent's constitutional rights. Further, Plaintiff's first, second, and third claims should be dismissed because they each fail to state a cognizable legal theory and fail to state sufficient facts to support a claim for relief. Specifically, the first and second claims fail to state a claim under the Fourth Amendment as Plaintiff has not alleged an unlawful search or seizure. The first and second claims also fail to state a claim under the Eighth Amendment as the Eighth Amendment only applies to convicted prisoners, not pre-trial detainees as decedent is alleged to have been. The first, second, and third claims also each fail to state a claim under the Fourteenth Amendment because Plaintiff has failed to allege sufficient facts that the Health Care Agency Defendants acted with deliberate indifference. Finally, Plaintiff has failed to allege sufficient facts to support a claim for punitive damages against the Health Care Agency Defendants.

As discussed below, the first, second, and third claims for relief as well as Plaintiff's claim for punitive damages should be dismissed as to the Health Care Agency Defendants.

A.    **Summary of First Amended Complaint**

On April 23, 2019, Decedent Anthony Aceves was booked into the Intake and Release Center on a parole violation and remained a pre-trial detainee up until the time of his death. (¶13) The Health Care Agency Defendants, along with Dr. Baubeng (sic) and Dr. Fitzgerald, were responsible for the care, evaluation of and/or the placement of decedent. (¶10) The County completed an initial medical screening of decedent and discovered that decedent had been diagnosed as schizoaffective and that decedent had been non-complaint with his medication regimen since his prior release from custody in February 2019. (¶¶16-17) The Defendants were aware that decedent

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

had attempted suicide on multiple occasions, including via drug overdose, and were informed by decedent that he had suicidal ideations. (¶18)

Decedent was transferred to the Theo Lacy facility on April 23, 2019. (¶20) Decedent was classified as "Mental Health Expedited" and transferred to mental health housing but was later transferred to regular housing. (¶21) The transfer to regular housing was signed off on by Defendants Dr. Baubeng (sic) and Kunst. (¶28) The Health Care Agency Defendants, along with Dr. Baubeng (sic) and Dr. Fitzgerald, performed or prepared medical or psychological records and examinations regarding decedent's condition while in custody. (¶28)

While at Theo Lacy, decedent had a documented history of severe mental health issues. (¶30) Theo Lacy had a problem with illicit drugs being distributed and used by inmates. (¶31) Beginning approximately April 23, 2019, and continuing to the time of his death on May 23, 2019, the decedent exhibited obvious signs and symptoms of severe mental health issues and drug use, which signs and symptoms had been known and documented by Defendants over a lengthy period of time. Defendants remained deliberately indifferent to decedent's basic life needs. (¶45)

On May 23, 2019, the decedent was found unresponsive in his cell, and was later declared dead. (¶51)

The Sheriff's Department Defendants (who are not the subject of the instant motion) were deliberately indifferent in failing to detect drugs in the jail, failing to monitor and control the inmates, failing to detect an inmate passing something under decedent's cell door, failing to monitor video cameras, and failing to search a cell and remove contraband where one inmate had passed something to another. (¶48) The Health Care Agency Defendants, among others, were deliberately indifferent in having decedent placed in general population and failing to periodically check on his welfare and remained deliberately indifferent to his medical, psychiatric, and mental health needs and as to whether he had ingested drugs or was at risk of dying from a drug overdose. (¶50) Decedent's death occurred due to the County's policies,

9

1   customs, and practices of deliberate indifference to the medical needs of jail inmates,

2   and of general deliberate indifference to the well-being of people in jail, including the

3   decedent. (¶52)

4         In her first and second claims for relief, Plaintiff alleges that the individual

5   defendants, including the Health Care Agency Defendants, while acting under color of

6   state law, deprived the decedent of rights, privileges, and immunities secured by the

7   Constitution and laws of the United States, "including those secured by the Fourth,

8   Eighth and Fourteenth Amendments to the Constitution, by, among other things,

9   negligently, recklessly and with deliberate indifference ignoring Decedent's obvious

10  medical and/or severe mental health issues and needs over a lengthy period of time,

11  proximately causing his death." (¶59, 71) Plaintiff alleges that these Defendants knew

12  or should have known that decedent, a pre-trial detainee, was schizoaffective, at a high

13  risk of harm to himself and others, and had a history of drug abuse. Plaintiff alleges

14  that the Health Care Agency Defendants acted with deliberate indifference when they

15  placed the decedent into the general jail population. (¶59-60, 71-72)

16        In her third claim for relief, Plaintiff alleges that the individual defendants,

17  including the Health Care Agency Defendants, deprived Plaintiff of her rights to a

18  familial relationship with the decedent in violation of the Fourteenth Amendment by

19  their deliberate indifference to decedent's medical and/or severe mental health issues

20  which caused his death. (¶81)

21        Plaintiff alleges that the individual Defendants acted in reckless and callous

22  disregard for the constitutional rights of the decedent and that such acts were willful,

23  oppressive, fraudulent, and malicious, warranting an award of punitive damages

24  against the individual defendants.  (¶56, 79, and 89)

25  **B.    Standard of Review**

26        A motion to dismiss is properly granted where a plaintiff fails to plead a

27  cognizable legal theory or fails to plead sufficient facts under a cognizable legal

28  theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

10

While the court must accept all properly pleaded factual allegations as true, the court need not accept conclusory allegations or legal characterizations as true. *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396 (C.D. Cal. 1995).

In order to overcome a motion to dismiss, the complaint must contain facts that are enough to raise the right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id*. at 570.

Subsequently, the Supreme Court re-visited its decision and reaffirmed the thrust of *Twombly* in setting the standard on a motion to dismiss:

"As the Court held in *Twombly*, [citation], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citation] A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [Citation] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' [Citation]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court in *Iqbal* identified two "working principles" governing motions to dismiss. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

In considering a motion to dismiss, a court may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. *Id*. at 679. Legal conclusions can provide the complaint's framework, but they must be supported by factual allegations. *Id*. When a complaint contains well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.  In sum, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## 2. <u>PLAINTIFF LACKS STANDING TO BRING THE FIRST CLAIM FOR RELIEF IN HER INDIVIDUAL CAPACITY FOR ALLEGED VIOLATIONS OF DECEDENT'S CONSTITUTIONAL RIGHTS</u>

Plaintiff has asserted claims for wrongful death (first claim for relief) and survival action (second claim for relief) under 42 U.S.C. section 1983. While a "survival action" under 42 U.S.C. section 1983 for violation of decedent's constitutional rights may be appropriate under federal law, Plaintiff does not have standing to assert a wrongful death claim under 42 U.S.C. section 1983 in her individual capacity. Claims for alleged violations of constitutional rights are "personal" causes of action lying with the decedent only, not with his heirs. *See Smith v. Fontana*, 818 F.2d 1411 (9th Cir. 1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999).

In *Smith*, the decedent was shot by police. He survived for approximately one

and a half hours but later died during emergency surgery. The plaintiffs brought suit in federal district court under 42 U.S.C. section 1983 against the officers and the city, as well as various city officials, claiming that the defendants' conduct violated the First, Fourth, Fifth, and Eighth Amendments and both the due process and equal protection clauses of the Fourteenth Amendment. Plaintiff Sonja Smith, suing in her capacity as administratrix of the decedent's estate, sought to vindicate the decedent's personal civil rights. She and the other plaintiffs also sued in their capacities as adult or minor children of the decedent, seeking to vindicate their own personal rights. Regarding the plaintiffs' Fourth Amendment claims against the defendants, the *Smith* court stated:

> "The estate can assert this claim on [the decedent's] behalf. Under section 1988, a section 1983 claim that accrued before death survives the decedent when state law authorizes a survival action as a 'suitable remed[y] ... not inconsistent with the Constitution and laws of the United States....' [Citations] Under California's survival statute, 'no cause of action [is] lost by reason of the death of any person but may be maintained by ... his ... administrator.' [Citation] Therefore, [the decedent's] Fourth Amendment claim survives his death and can be maintained by plaintiff Sonja Smith in her capacity as administratrix of his estate. [¶] [The decedent's] children, suing in their individual capacities, also assert a claim for relief under the Fourth Amendment. However, the Supreme Court has held that 'Fourth Amendment rights are personal rights which ... may not be vicariously asserted.' [Citation] The children were not directly subjected to the excessive use of state force and therefore cannot maintain personal causes of action under section 1983 in reliance on this Fourth Amendment theory." *Smith*, 818 F.2d at 1416-17.

Here, the First Amended Complaint asserts that Plaintiff is decedent's successor-in-interest. Accordingly, Plaintiff may bring the second claim for "survival

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

13

1562402.1

action" but she does not have standing to assert the first claim for "wrongful death" under 42 U.S.C. section 1983. As the alleged constitutional violations are personal causes of action lying with decedent, Plaintiff's first claim for relief for wrongful death brought under 42 U.S.C. section 1983 should be dismissed.

**3.    THE FIRST AND SECOND CLAIMS FOR RELIEF SHOULD BE DISMISSED AS THEY FAIL TO STATE A CLAIM UNDER THE FOURTH, EIGHTH, OR FOURTEENTH AMENDMENTS**

Plaintiff's first and second claims are brought under 42 U.S.C. section 1983 and are based on alleged violations of the Fourth, Eighth, and Fourteenth Amendments. However, these claims should be dismissed because they both fail to state a cognizable legal theory and fail to state sufficient facts to support a claim for relief. Specifically, Plaintiff has failed to allege an unlawful search or seizure under the Fourth Amendment; the Eighth Amendment only applies to convicted prisoners while decedent is alleged to have been a pre-trial detainee; and Plaintiff has failed to allege sufficient facts that the Health Care Agency Defendants acted with deliberate indifference as required to state a claim under the Fourteenth Amendment. The deficiencies of Plaintiff's claims under the Fourth, Eighth, and Fourteenth Amendments are discussed in turn.

**A.    THE FIRST AND SECOND CLAIMS FAIL TO STATE A CLAIM UNDER THE FOURTH AMENDMENT**

The Fourth Amendment protects against unreasonable searches or seizures. The Fourth Amendment states, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." (U.S. Const. amend IV.)

Here, Plaintiff alleges that the Health Care Agency Defendants acted with deliberate indifference in their evaluation and care for decedent and by having decedent placed in general population despite decedent exhibiting signs of severe mental health and drug issues. Notably absent is any allegation that any defendant

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

14

unreasonably searched or seized decedent's person or property or used excessive force on decedent. As Plaintiff has not alleged an unlawful search or seizure, Plaintiff has failed to state a claim under the Fourth Amendment and her Fourth Amendment claims should be dismissed.

**B.    THE EIGHTH AMENDMENT DOES NOT APPLY TO PRE-TRIAL DETAINEES SUCH AS DECEDENT**

The Eighth Amendment does not apply to pretrial detainees, but rather only to convicted prisoners. *Meniola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime."); *Kingsley v. Hendrickson*, 576 U.S. 389, 400-401 (2015); *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-1068 (9th Cir. 2016) (*en banc*) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") Accordingly the Eighth Amendment applies only to convicted prisoners while the Fourteenth Amendment applies to pre-trial detainees.

Here, Plaintiff alleges that "at all times herein mentioned herein" (i.e., from the time he was arrested until the time of his death) decedent was a pre-trial detainee rather than a convicted prisoner. (¶13, 59, 64, 76) Accordingly, the protections of the Eighth Amendment did not apply to decedent. The first and second claims should thus be analyzed under the Fourteenth Amendment rather than under the Eighth Amendment.

**C.    THE FIRST AND SECOND CLAIMS FAIL TO STATE SUFFICIENT FACTS TO SUPPORT DELIBERATE INDIFFERENCE AS REQUIRED UNDER THE FOURTEENTH AMENDMENT**

To establish a claim for relief under the Fourteenth Amendment, an inmate

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

must show that prison officials acted with "deliberate indifference." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-1068 (9th Cir. 2016) (en banc) In *Castro*, the Ninth Circuit overruled *Clouthier v. County. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010), "to the extent that it identified a single deliberate indifference standard for all § 1983 claims . . . ." *Castro* at 1070. The Supreme Court has held that "mere lack of due care by a state official" does not " 'deprive' an individual of life liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 330 (1986) To establish deliberate indifference under the Fourteenth Amendment, a pre-trial detainee or an individual asserting claims on behalf of a pre-trial detainee must prove more than negligence– something akin to reckless disregard. *Castro* at 1071.

In *Castro*, the Ninth Circuit held that the elements of a pre-trial detainee's Fourteenth Amendment failure-to-protect claim are as follows:

"(1)   The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2)   Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3)   The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and

(4)   By not taking such measures, the defendant caused the plaintiff's injuries." *Castro* at 1071.

The *Castro* court went on to hold that with respect to the third element, the defendant's conduct must have been objectively unreasonable. *Id.*

Here, Plaintiff has failed to allege any facts that the Health Care Agency Defendants acted with deliberate indifference. Plaintiff alleges that the Health Care Agency Defendants evaluated decedent's medical and psychological condition and

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

16

1562402.1

were aware of his mental health and drug issues but improperly placed him in general jail population rather than more protective mental health housing. (¶59-60, 71-72) These allegations amount to a claim of negligence rather than a claim of deliberate indifference.

In conclusory terms, Plaintiff alleges that the Health Care Agency Defendants knew or should have known that decedent was at a high risk of harm to himself and others and that they acted with deliberate indifference in placing decedent into the general jail population. (¶59-60, 71-72) Apart from alleging that Defendant Kunst signed off on the transfer of decedent to regular housing, Plaintiff has not alleged any facts supporting the claim that the Health Care Agency Defendants improperly played a role in having decedent placed in regular housing.

Plaintiff has failed to allege any facts that any of the Health Care Agency Defendants made an "intentional decision with respect to the conditions" of decedent's confinement or that these defendants failed to take "reasonable available measures to abate that risk, even though a reasonable [person] in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious" as required by *Castro*. That is, Plaintiff has not pled any facts 1) that the alleged improper placement of decedent in regular housing was intentional (or who made that placement); 2) that there were reasonable available measures to abate the risks; or 3) that the alleged improper placement of decedent was objectively unreasonable. While Plaintiff has alleged "deliberate indifference" in conclusory terms, there simply are no facts alleged in the First Amended Complaint to support a claim that the Health Care Agency Defendants acted with deliberate indifference.

Plaintiff's failure to adequately plead deliberate indifference is highlighted by Plaintiff's failure to attribute specific actions to specific Defendants. Plaintiff has simply alleged the Health Care Agency Defendants were collectively aware of risks to Plaintiff and improperly placed him in general housing. Without identifying the

17

1562402.1

responsibilities of the Health Care Agency Defendants, Plaintiff is unable to allege which of the Defendants made "intentional decisions" or failed to take "reasonable available measures" to abate the risk to decedent. Without alleging the specific actions or inactions of the individual Defendants, Plaintiff is unable to plead facts to support deliberate indifference.

**4.    THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED AS IT FAILS TO STATE SUFFICIENT FACTS TO SUPPORT DELIBERATE INDIFFERENCE UNDER THE FOURTEENTH AMENDMENT**

Plaintiff's third claim is brought under 42 U.S.C. section 1983 and alleges the deprivation of Plaintiff's right to a familial relationship with decedent under the Fourteenth Amendment.  Plaintiff's third claim for relief as against the Health Care Agency Defendants is based on the same alleged deliberate indifference as alleged in her first and second claims for relief – namely, that these defendants were aware of risks to decedent and improperly placed him in regular housing rather than in more protective mental health housing.

As explained in Section 3(C) above, to establish deliberate indifference under the Fourteenth Amendment, a pre-trial detainee or an individual asserting claims on behalf of a pre-trial detainee must prove more than negligence– something akin to reckless disregard. *Castro* at 1071.  For the reasons set forth in Section 3(C) above, Plaintiff has failed to allege any facts that the Health Care Agency Defendants acted with deliberate indifference. Plaintiff's allegations simply amount to a claim that the Health Care Agency Defendants failed to exercise due care. Accordingly, Plaintiff's third claim for relief should be dismissed as well.

**5.    PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS DEFICIENT**

Punitive damages under 42 U.S.C. section 1983 may be justified either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others. (See, *Smith v. Wade*, 461 U.S. 30, 56 (1982).)  To state a claim for punitive damages, specific facts must be pled

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

18

to support allegations that a defendant's acts were malicious, oppressive, or in reckless disregard of the decedent's rights. (Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 5.5.)

Punitive damages under the state law claim must include factual allegations to show that the individual defendants acted with fraud, oppression or malice. California Civil Code section 3294 provides in part as follows:

> "(a)    In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant. . . .
>
> (c)    As used in this section, the following definitions shall apply:
>
> (1)    'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2)    'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3)    'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

Case law has made clear that to recover damages under section 3294 the act or acts complained of must not only be willful in the sense of intentional, but must also be accompanied by *aggravating circumstances*, amounting to malice. "The malice required implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. There must be an intent to vex, annoy or injure. Mere spite or ill will is not sufficient; and mere negligence, even gross

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

19

1562402.1

negligence is not sufficient to justify an award of punitive damages." (*Ebaugh v. Rabkin*, 22 Cal.App.3d 891, 894 (1972).)

Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the rights of the plaintiff, which decent citizens should not have to tolerate. (*Hughes v. Blue Cross of Northern California*, 215 Cal.App.3d 832, 847 (1989).)

Punitive damages cannot be awarded as a matter of right. Indeed, even in a tort action where plaintiff proves that a defendant committed a tort, the plaintiff is not automatically entitled to punitive damages. (See, *Brewer v. Second Baptist Church*, 32 Cal.2d 791, 801 (1948)) Punitive damages are not favored and should be granted cautiously and only when the criteria to award them are met. (*Beck v. State Farm Mut. Auto. Ins. Co.*, 54 Cal.App.3d 347, 355 (1976)) Punitive damages may not be pleaded generally. Specific factual allegations are required to support a claim for punitive damages. (*Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872 (1977)) Thus, it is not sufficient for Plaintiff to plead the conclusory statement that punitive damages should be awarded.

The meanings of "oppression" and "malice" as used in Civil Code section 3294 are explained by the court in *Richardson v. Employers Liab. Assur. Corp.*, 25 Cal.App.3d 232, 245-246 (1972) (disapproved on other grounds in *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 574 (1973)). There, the court noted that malice means a wrongful intent to vex or annoy and oppression means subjecting a person to cruel and unjust hardship in conscious disregard of his rights. As noted by the court in *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6-7 (1981), pleading in the language of the statute is acceptable but only if sufficient facts are pleaded to support the allegations. The terms themselves, however, are conclusory. (See, *Blegen v. Superior Court*, 125 Cal.App.3d 959, 965 (1981).)

Here, as detailed above, Plaintiff has alleged that the Health Care Agency Defendants evaluated decedent and were involved in having him placed in regular

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

20

housing despite being aware of his mental health issues. There are no facts alleged to show that any of the Health Care Agency Defendants acted with evil motive or intent. As indicated above, Plaintiff's claims sound in negligence and do not allege any facts to support the existence of evil intent or reckless indifference. As such, Plaintiff's claims for punitive damages against the Health Care Agency Defendants should be dismissed.

## 6.   CONCLUSION

For the reasons stated above, the Health Care Agency Defendants' motion to dismiss the first, second, and third claims for relief as well as Plaintiff's claim for punitive damages should be granted.

DATED:  March 10, 2021                WOODRUFF, SPRADLIN & SMART, APC


By:_____
       DANIEL K. SPRADLIN
       BRIAN A. MOORE
       Attorneys for Defendants COUNTY OF
       ORANGE, a public entity, TYLER
       HILSABECK, FANY RIVERA, S.
       ACEVEDO, LLOYD NGUYEN, STEVEN
       ALEGRIA, J. ASCENCION-SAHAGUN, J.
       CASTELLANO, R. MACIAS, W.
       WILFERT, and B. KUNST, as employees of
       COUNTY OF ORANGE, a public entity

1562402.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## **PROOF OF SERVICE**

## **STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On March 10, 2021, I served the foregoing document(s) described as **NOTICE OF MOTION AND MOTION OF HEALTH CARE AGENCY DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

☒     by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐     **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒     **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐     **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☐     **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐     **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 10, 2021, at Costa Mesa, California.

/s/ *Marina M. Ortega*
MARINA M. ORTEGA

1562402.1

1

## DIANA ALVAREZ v. COUNTY OF ORANGE

2

## USDC, CENTRAL DISTRICT
## CASE NO.: 8:19-cv-02072 JAK (JDEx)

3

## ASSIGNED TO THE HONORABLE JOHN A. KRONSTADT
## COURTROOM 10B
## MAGISTRATE JUDGE: JOHN D. EARLY

4

5

## SERVICE LIST

6

7   Humberto M. Guizar, Esq.                Attorneys for Plaintiff
8   Kent M. Henderson, Esq.                 **DIANA      ALVAREZ,    in    their**
    Angel Carrazco, Esq.                    **individual capacity and as successor**
    GUIZAR, HENDERSON &                     **in interest to ANTHONY ACEVES**
9        CARRAZCO, LLP
10  18301 Irvine Boulevard
    Tustin, CA  92780
    Telephone: (714) 541-8600
11  Facsimile: (714) 541-8601
    Email: hguizar@ghclegal.com
12         hendolaw@gmail.com
           angel@carrazcolawapc.com
13

14

15  11/12/19

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1562402.1