Tracy M. Lewis (State Bar No. 232985)
tlewis@wshblaw.com
Kirsten K. Cinquemani (State Bar No. 290106)
kcinquemani@wshblaw.com
Crystal N. Le (State Bar No. 311122)
cle@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
6A Liberty Street, Suite 200
Aliso Viejo, California 92656
Phone: 949-757-4500 ♦ Fax: 949-757-4550

Attorneys for Defendants, MICHAEL FITZGERALD and
KWAME BUABENG, M.D. (erroneously named as
KWAME BAUBENG, M.D.)

**WOOD, SMITH, HENNING & BERMAN LLP**
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ALVAREZ, in their individual capacity and as successor in interest to ANTHONY ACEVES,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF ORANGE; TYLER HILSABECK; FANY RIVERA; DUPTY S. ACEVEDO; LLOYD NGUYEN; STEVEN ALEGRIA; JANNET CASTELLANO; RIGEL MACIAS; MICHAEL FITZGERALD; KWAME BAUBENG, M.D.; WENDY WILFERT; J. ASCENCION-SAHAGUN; BRIAN KUNST and DOES 1 TO 10, inclusive,<br><br>                    Defendants. | Case No. 8:19-cv-02072-JAK-JDE<br><br> Hon. John A. Kronstadt<br><br>**DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>DATE:  August 16, 2021<br>TIME:   8:30 a.m.<br>CTRM: 10B<br><br>Trial Date:          None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

        **PLEASE TAKE NOTICE THAT** on August 16, 2021, at 8:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles, CA 90012, Defendant, MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D. will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(6)

20659589.1:10652-0096                                        -1-

to dismiss Plaintiff DIANA ALVAREZ's First, Second, Third and Fifth Causes of Action in her First Amended Complaint ("FAC"), and for an order dismissing Plaintiff's claim for punitive damages on the following grounds:

1.     Plaintiff fails to adequately allege the basis of her first, second, third and fifth causes of action against Drs. Fitzgerald and Buabeng in accordance with Federal Rule of Civil Procedure, Rule 8(a)(2);

2.     Plaintiff fails to sufficiently allege facts to plead punitive damages.

This motion is made following a meet and confer conference held between counsel as required by L.R. 7-3. Counsel could not reach an agreement regarding the substance of this motion, necessitating the bringing of this motion to dismiss. This motion will be based on this notice and the attached memorandum of points and authorities, as well as such further oral or documentary evidence that may be presented at the hearing on the motion.

DATED:  April 8, 2021          WOOD, SMITH, HENNING & BERMAN LLP


By: _____
          TRACY M. LEWIS
          KIRSTEN K. CINQUEMANI
          CRYSTAL N. LE
Attorneys for Defendants, MICHAEL FITZGERALD and KWAME BUABENG, M.D.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Diana Alvarez ("Plaintiff") has sued Defendants Michael Fitzgerald, M.D., and Kwame Buabeng, M.D., along with the County of Orange, and employees of the County of Orange as individuals as well as DOE Defendants (collectively referred to as "Defendants") for wrongful death and survival claims under both federal and state law. Plaintiff alleges that her son, Anthony Aceves ("Mr. Aceves"), was incarcerated at the Theo Lacy Facility when, on May 23, 2019, when he died of a drug overdose. Plaintiff alleges that while Mr. Aceves was incarcerated, he exhibited signs of severe mental health issues and drug use such that he should not have been placed with the general prison population.

Plaintiff has alleged: (1) 42 U.S.C. Sec. 1983 Wrongful Death; (2) 42 U.S.C. Sec. 1983 Survival Action; (3) 42 U.S.C. Sec. 1983 Deprivation of the Rights of Plaintiffs to Familial Relationships with the Decedent (Mr. Aceves); and (5) Negligence against Defendants Michael Fitzgerald, M.D., and Kwame Buabeng, M.D. As discussed below, these causes of action should be dismissed.

### A.   Key Allegations in Plaintiff's First Amended Complaint

On April 22, 2019, Mr. Aceves was arrested and charged with a parole violation. (¶13) Mr. Aceves was booked into the Intake and Release Center on April 23, 2019, and remained a pre-trial detainee up until the time of his death. (¶13-14) The County had extensive past interactions with and completed an initial medical screening of Mr. Aceves and discovered that Mr. Aceves was diagnosed as schizoaffective and that decedent had been non-complaint with his medication regimen since his prior release from custody in February 2019. (¶¶15-17) The County was aware that Mr. Aceves had attempted suicide on multiple occasions, including via drug overdose. (¶18)

Mr. Aceves was transferred to the Theo Lacy facility on April 23, 2019. (¶20) It is alleged that multiple defendants, including Drs. Fitzgerald and Buabeng, were

1  responsible for the care, evaluation of and/or placement of Decedent at THEO

2  LACY. (¶10) Mr. Aceves was classified as "Mental Health Expedited" and

3  transferred to mental health housing but was later transferred to regular housing.

4  (¶21) The transfer to regular housing was signed off on by Defendants Dr. Buabeng

5  and Kunst. (¶28)  However, it is alleged that Defendants Castellano, Macias, Dr.

6  Fitzgerald, Dr. Buabeng, Wilfert and Kunst all performed/wrote records, reports,

7  medical reports, psychological evaluations and reports, and other records regarding

8  the decedent's condition in Mental Health Housing and in the general jail

9  population. (¶28)

10        While at Theo Lacy, Mr. Aceves allegedly had a documented history of

11  severe mental health issues. (¶30) It is further alleged that Theo Lacy had a problem

12  with illicit drugs being distributed and used by inmates. (¶31) Plaintiff contends that

13  beginning approximately April 23, 2019, and continuing to the time of his death on

14  May 23, 2019, Mr. Aceves exhibited obvious signs and symptoms of severe mental

15  health issues and drug use, which signs and symptoms had been known and

16  documented by Defendants over a lengthy period of time. Yet, Defendants remained

17  deliberately indifferent to decedent's basic life needs. (¶45) On May 23, 2019, Mr.

18  Aceves was found unresponsive in his cell, and was later declared dead. (¶51)

19        **B.    Standard Of Review**

20        Federal Rules of Civil Procedure (FRCP) 8(a)(2) requires a complaint to

21  contain a short and plain statement of the claim showing that the pleader is entitled

22  to relief so as to give the defendant fair notice of the claim and the ground(s) upon

23  which it rests. The Supreme Court has interpreted this rule to require factual

24  allegations sufficient to demonstrate that a claim is plausible on its face, as further

25  detailed below. A motion pursuant to FRCP Rule 12(b)(6) therefore tests the legal

26  sufficiency of the claims asserted in a pleading.  In order to overcome a motion to

27  dismiss, the complaint must contain facts that are enough to raise the right to relief

28  "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

1   (2007).

2          While the complaint "does not need detailed factual allegations," it is

3   nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

4   relief [which] requires more than labels and conclusions, and a formulaic recitation

5   of the elements of a cause of action will not do." *Id*. Nor does a complaint suffice if

6   it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

7   In short, a plaintiff must allege "enough facts to state a claim to relief that is

8   plausible on its face," not just conceivable. *Id*. at 570. *See also*, *Ashcroft v. Iqbal*,

9   556 U.S. 662, 678 (2009).

10          The court in *Iqbal* identified two "working principles" governing motions to

11   dismiss. First, "the tenet that a court must accept as true all of the allegations

12   contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

13   the elements of a cause of action, supported by mere conclusory statements, do not

14   suffice." *Id*.

15          Second, only a complaint that states a plausible claim for relief survives a

16   motion to dismiss. *Id*. at 679. "A claim has facial plausibility when the plaintiff

17   pleads factual content that allows the court to draw the reasonable inference that the

18   defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard

19   is not akin to a probability requirement, but it asks for more than a sheer possibility

20   that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are

21   merely consistent with a defendant's liability, it stops short of the line between

22   possibility and plausibility of 'entitlement to relief." *Id*.

23          Accordingly, in considering a motion to dismiss, a court may begin by

24   identifying allegations that, because they are mere conclusions, are not entitled to

25   the assumption of truth. *Id*. at 679. Legal conclusions can provide the complaint's

26   framework, but they **must be supported by factual allegations**. *Id*. When a

27   complaint contains well-pleaded factual allegations, a court should assume their

28   veracity and then determine whether they plausibly give rise to an entitlement to

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  relief. *Id*.

2      In sum, "for a complaint to survive a motion to dismiss, the non-conclusory

3  'factual content,' and reasonable inferences from that content, must be plausibly

4  suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572

5  F.3d 962, 969 (9th Cir. 2009). Mere conclusory allegations of law and unreasonable

6  inferences are insufficient to survive dismissal.  *Rosenbaum v. Syntex Corp.* (In re

7  Syntex Corp. Secs. Litig.) (9th Cir. 1996) 95 F.3d 922, 926.

8  **II.**  **PLAINTIFF FAILS TO PROPERLY PLEAD HER FIRST, SECOND,**

9      **THIRD AND FIFTH CAUSES OF ACTION AGAINST DRS.**

10     **FITZGERALD AND BUABENG AS REQUIRED BY FEDERAL RULE**

11     **OF CIVIL PROCEDURE 8(A)(2)**

12     Plaintiff's First, Second, Third and Fifth causes of action are subject to a Rule

13  12(b)(6) motion to dismiss because they improperly lump multiple defendants,

14  including Drs. Fitzgerald and Buabeng, into broad conclusory allegations and

15  purport to incorporate by reference all prior and subsequent allegations set forth

16  within the FAC.

17     **A.**  **The Broad Conclusory Allegations Against Multiple Defendants**

18         **Fail To Provide Drs. Fitzgerald and Buabeng With Adequate**

19         **Notice**

20     When a plaintiff is suing multiple defendants the operative complaint cannot

21  simply "lump defendants together" but instead "must allege the basis of his claim

22  against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)." *Flores v.*

23  *EMC Mortg. Co.*, 997 F.Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing

24  complaint for lack of specific, clearly defined allegations of each defendant's alleged

25  wrongs to give fair notice of claims)(Internal quotation omitted.).

26     "Specific identification of the parties to the activities alleged by the plaintiffs

27  is required in this action to enable the defendant to plead intelligently." *Id.* (Internal

28  quotation omitted.)  A complaint which "lump[s] together...multiple defendants in

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

1    one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen–*

2    *Probe, Inc. v. Amoco Corp., Inc.,* 926 F.Supp. 948, 961 (S.D. Cal. 1996) (dismissing

3    complaint for lumping together of multiple defendants in contravention of Rule

4    8(a)).

5         To that end, Courts have recognized that improper shotgun pleadings are

6    those which "…overwhelm defendants with an unclear mass of allegations and

7    make it difficult or impossible for defendants to make informed responses to the

8    plaintiff's allegations." *Mason v. Cty. of Orange,* 251 F.R.D. 562, 563 (C.D. Cal.

9    2008); *See also*, *Sollberger v. Wachovia Sec., LLC,* 2010 WL 2674456, at *4 (C.D.

10   Cal. June 30, 2010). One common type of shotgun pleading comes in cases with

11   multiple defendants where the plaintiff uses the omnibus term "Defendants"

12   throughout a complaint by grouping defendants together without identifying what

13   the particular defendants specifically did wrong. *Sollberger*, 2010 WL 2674456, at

14   *4.

15        Here, Plaintiff's allegations repeatedly make reference to knowledge held by

16   the County and/or "the Defendants" generally without specific facts directed to Drs.

17   Fitzgerald and Buabeng.  For example, the FAC pleads:

18        "15.    Plaintiff is informed and believes, and thereon alleges that
          ANTHONY has been incarcerated by COUNTY in the past, and that
19        COUNTY had extensive past interactions with ANTHONY.
          ANTHONY had been released from custody with COUNTY on or
20        about February 20, 2019. Plaintiff is further informed and believes, and
          thereon alleges that ANTHONY had been incarcerated on numerous
21        occasions in the past by COUNTY and had been jailed at THEO
          LACY.
22
          16.    Plaintiff is informed and believes, and thereon alleges that
23        Plaintiff COUNTY completed an initial medical screening of
          ANTHONY, and that COUNTY at that time discovered ANTHONY
24        was diagnosed as schizoaffective, and had been prescribed Depakote,
          Prozac and Benadryl.
25
          17.    Plaintiff is informed and believes, and thereon alleges that
26        Defendants, and each of them, were informed at that time that
          ANTHONY had been non-compliant with the medication regimen
27        since his Release from COUNTY's custody in February 2019. Further,
          Defendants, and each of them, were aware that ANTHONY was using
28        drugs and had been suicidal.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

18.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, knew that ANTHONY had attempted suicide on eight separate occasions, and that ANTHONY had attempted suicide via drug overdose in the two weeks prior to his arrest and subsequent incarceration on April 23, 2019. Defendants, and each of them, were aware of ANTHONY's suicide attempts.

19.    Plaintiff is informed and believes, and thereon alleges that ANTHONY also informed Defendants, and each of them, at that time he had suicidal ideations and had plans to. "

Noticeably absent from these allegations are any facts indicating that Drs. Fitzgrald and Buabeng ever came into possession of the knowledge allegedly held by the County, with respect to Mr. Aceves.  Similarly, there are no facts pled to indicate how Drs. Fitzgerald and Buabeng, specifically, would have known that Mr. Aceves was non-compliant with his medication regimen since February 2019, that he was using drugs, that he had allegedly attempted suicide on eight separate occasions, and had suicidal ideations.  Further, there are no facts pled regarding the nature, frequency and/or scope of Drs. Fitzgerald and Buabeng's examination and/or treatment of Mr. Aceves. Rather, Plaintiff simply lumps defendants Castellano, Macias, Fitzgerald, Buabeng, Kunst and Wilfert together in the FAC as the persons responsible for the decedent's medical care, including the preparation of records, reports and/or evaluations. (¶28)

Similarly, the FAC also alleges:

"45.    Beginning approximately April 23, 2019 and continuing to the time of his death on May 23, 2019, Decedent ANTHONY ACEVES exhibited obvious signs and symptoms of severe mental health issues and of drug use. These signs and symptoms had been known and documented by Defendants over a lengthy period of time while Defendants remained deliberately indifferent to Decedent ANTHONY ACEVES's basic life needs. The actions of Defendants, including Defendants CASTELLANO; MACIAS; FITZGERALD; DR. BAUBENG; WILFERT, KUNST and additional DOES 1 TO 10 inclusive, and each of them, as alleged herein constituted cruel and unusual punishment.

49.    Defendants, including Defendants COUNTY, CASTELLANO; MACIAS, FITZGERALD, DR. BAUBENG, WILFERT, KUNST and additional DOES 1 TO 10 inclusive, and each of them, were also deliberately indifferent and negligent in having place ANTHONY in the general jail population and in failing to do

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

periodic checks on his welfare.

50.    Despite documented awareness of ANTHONY ACEVES's symptoms of severe mental health issues, Defendants, including Defendants COUNTY, CASTELLANO, MACIAS, FITZGERALD, DR. BAUBENG, WILFERT, KUNST and additional DOES 1 TO 10 inclusive, and each of them, remained deliberately indifferent to his medical, psychiatric and mental health needs and as to whether he had ingested drugs or was at risk of dying from drug overdose. Defendants, including Defendants COUNTY, CASTELLANO, MACIAS, FITZGERALD, DR. BAUBENG, WILFERT, KUNST, HILSABECK, RIVERA, ACEVEDO, ALEGRIA, NGUYEN, ASCENCION -SAHAGUN and additional DOES 1 TO 10 inclusive, and each of them, did not seek medical attention or make any attempt to make sure Decedent ANTHONY ACEVES's mental health needs were being attended to. Defendants' deliberate indifference resulted in ANTHONY ACEVES's death.

51.    On May 23, 2019, ANTHONY ACEVES was found unresponsive in his cell, and was later declared dead. Instead of being provident to Decedent's medical, drug intoxication and mental health needs, Defendants, including Defendants COUNTY, CASTELLANO; MACIAS, FITZGERALD, DR. BAUBENG, WILFERT, KUNST, HILSABECK, RIVERA, ACEVEDO, ALEGRIA, NGUYEN, ASCENCION -SAHAGUN and additional DOES 1 TO 10 inclusive, and each of them, were subjectively aware of and deliberately ignored Decedent's obvious physical condition and mental health condition, drug intoxication and his urgent need for medical care."

Again, noticeably absent from these allegations are any facts addressing what signs and symptoms of severe mental health issues and drug use were actually known and documented by Drs. Fitzgerald and Buabeng, specifically, with respect to Mr. Aceves. Further, because there are no facts pled with respect to the nature, scope and frequency of Drs. Fitzgerald and Buabeng's evaluation/treatment of Mr. Aceves, there are no fact supporting the legal conclusions that they were "deliberately indifferent and negligent in having place[d] ANTHONY in the general jail population and in failing to do periodic checks on his welfare" such that it resulted in Mr. Aceves' death. (¶¶ 49, 50)  Similarly, there are no facts pled addressing how Drs. Fitzgerald and/or Buabeng were "aware of and deliberately ignored Decedent's obvious physical condition and mental health condition, drug intoxication and his urgent need for medical care" on May 23, 2019. (¶51)

Without any of the facts regarding Drs. Fitzgerald and Buabeng, specifically,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  Plaintiff purports to assert causes of action for Wrongful Death, Survival,

2  Deprivation of Rights and Negligence, which largely regurgitate the same generic

3  and conclusory allegations direct to multiple defendants, as set forth above.  (¶¶ 59-

4  60, 71-72, 81-82, 99-101, 103-105, 108) Given there are no allegations setting forth

5  any facts as to Drs. Fitzgerald and Buabeng's wrongful and/or unconstitutional

6  conduct, separate and apart from that of other defendants, Plaintiff's Complaint

7  should be dismissed.

8    **B.    The Reincorporation Of All Prior And Subsequent Allegations In**

9        **The FAC Fails To Provide Drs. Fitzgerald And Buabeng With**

10       **Adequate Notice**

11       Another type of improper shotgun pleading is a recitation of general

12  allegations toward the beginning of the Complaint, and then having "each count

13  incorporate every antecedent allegation by reference[.]" *Sollberger*, 2010 WL

14  2674456, at *4 (affirming dismissal where the complaint impermissibly lumped

15  together claims and defendants and each claim incorporated 197 other paragraphs

16  "as if fully set forth [t]herein".) Courts have rejected a plaintiff's "reincorporation"

17  complaint as impermissibly confusing under Fed. R. Civ. Proc. 12(e). *See, Anderson*

18  *v. District Board of Trustees,* 77 F.3d 364, 366 (11th Cir. 1996) (affirming dismissal

19  where "complaint [was] a perfect example of 'shotgun' pleading in that it is virtually

20  impossible to know which allegations of fact are intended to support which claim(s)

21  for relief."); *See also, Lass v. County of Orange*, 2009 WL 10687551 at *2 (C.D.

22  Cal. 2009) (ordering dismissal where plaintiff failed to "incorporate only those

23  paragraphs which apply to each claim, the most egregious example of which is the

24  final claim, incorporating 106 paragraphs of text.").

25       Here, each of Plaintiff's causes of action purport to reincorporate not only all

26  prior allegations but all subsequent allegations as well, regardless of whether they

27  have any relevance to the specific cause of action at issue. The result is a confusing

28  mass of verbiage that purports to set forth 109 paragraphs of allegations against Dr.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

20659589.1:10652-0096

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  Fitzgerald and Buabeng, in support of each of the four cause of action pled against

2  them.

3      The confusion stemming from the FAC is compounded by the fact that

4  Paragraphs 90-97 are pled in support of the Fourth cause of action, which is not

5  even pled against Drs. Fitzgerald and Buabeng, yet these Paragraphs are seemingly

6  incorporated by referenced into the First, Second, Third and Fifth causes of action

7  where these doctors are named as defendants.  Under such circumstances Drs.

8  Fitzgerald and Buabeng cannot reasonably decipher what allegations are pled

9  against them, such that the FAC fails to provide them with fair notice of the claim(s)

10  and the ground(s) upon which they rests. Accordingly, the Plaintiff's claim should

11  be dismissed.

12  **III.   <u>PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE FACTS TO PLEAD</u>**

13  **<u>PUNITIVE DAMAGES AS TO DRS. FITZGERALD AND BUABENG</u>**

14      Plaintiff claims that she is entitled to an award of punitive damages.  Punitive

15  damages under 42 U.S.C. section 1983 may be justified either when a defendant's

16  conduct was driven by evil motive or intent, or when it involved a reckless or

17  callous indifference to the constitutional rights of others. (*See, Smith v. Wade*, 461

18  U.S. 30, 56 (1982).) To state a claim for punitive damages, specific facts must be

19  pled to support allegations that a defendant's acts were malicious, oppressive, or in

20  reckless disregard of the decedent's rights. (Ninth Circuit Manual of Model Civil

21  Jury Instructions, Instruction 5.5.)

22      Punitive damages under the state law claim must include factual allegations to

23  show that the individual defendants acted with fraud, oppression or malice.  Plaintiff

24  has no legal basis for her claim for punitive damages. California Civil Code §

25  3294(a) provides for punitive damages as follows:

26          In an action for the breach of an obligation ***not arising***

27          ***from contract***, where it is proven by clear and

28          convincing evidence that the defendant has been guilty of

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*oppression, fraud, or malice*, the plaintiff…may recover damages for the sake of example and by way of punishing the defendant. [Emphasis added.]

California Civil Code § 3294(c) further defines the operative terms as follows:

(1) "Malice" means conduct which is *intended* by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a *willful and conscious disregard* of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in *conscious* disregard of that person's rights.

(3) "Fraud" means an *intentional* misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. [Emphasis added.]

It is well established that punitive damages are neither compensatory nor awarded as a matter of right. Punitive damages will be proper only when a defendant's "conduct **rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate**." *Scott v. Phoenix Schools, Inc.* (2009) 175 Cal.App.4th 702, 716. [Emphasis added.] A plaintiff must prove that the defendant's conduct was of "such severity or shocking character [as] warrants the same treatment as accorded to willful misconduct—conduct in which defendant intends to cause harm." *Nolin v. National Convenience Stores, Inc.* (1979) 95 Cal.App.3d 279, 286. Defendant's conduct must be so aggravated or outrageous such as to be indicative of an "evil motive" or "conscious and deliberate disregard of

WOOD, SMITH, HENNING & BERMAN LLP

20659589.1:10652-0096

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

1    the interests of others." *Taylor v. Superior Court* (1979) 24 Cal.3d 890, 894.

2        The courts have ruled that "[t]he mere carelessness or ignorance of the

3    defendant does not justify the imposition of punitive damages. Unhappily, as a

4    society, we must tolerate, without added retribution, these all too common lapses in

5    ourselves." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, (1986) 185

6    Cal. App. 3d 1149, 1154,   Thus, mere negligence, gross negligence, spite, and even

7    ill will are insufficient to support an award of punitive damages; there must be an

8    intent to vex, annoy, or injure. *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894.

9        Moreover, it is well established that punitive damages are "an individualized

10   punishment and deterrent imposed upon a particular and identified defendant" and

11   the "measure of that malice or oppression requires the determination of the state of

12   mind of the particular defendant while committing the alleged wrongful act."

13   *Magallanes v. Superior Court* (1985) 167 Cal.App.3d 878, 887-88 .

14       To support an award for punitive damages, there must be specific "evidence

15   that defendant acted with knowledge of the probable dangerous consequences to

16   plaintiff's interest and deliberately failed to avoid these consequences." *Flyer's*

17   *Body Shop* at 1155. A particular defendant "must [have acted] with the intent to vex,

18   injure, or annoy, or with a conscious disregard of the plaintiff's rights." *Neal v.*

19   *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 922.

20       When seeking punitive damages, vague and conclusory allegations cannot

21   survive even by the rule of liberal construction. *G.D. Searle & Company v. Superior*

22   *Court* (1975) 49 Cal.App.3d 22. Mere boilerplate allegations of intentional, willful

23   or fraudulent behavior will not satisfy the burden to prove a highly culpable state of

24   mind on the part of the defendant for oppression, fraud, or malice such as would

25   merit a punitive damages award, and will not thereby give rise to a recovery beyond

26   actual damages. *Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872.

27       Here, as detailed above, the crux of Plaintiff's FAC is that Defendants

28   subjectively knew, and/or should have known that Mr. Aceves had pre-existing

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  medical conditions and drug problems, such that he should not have been transferred

2  into the regular population within the jail. However, as set forth above, there are no

3  facts alleged with respect to Drs. Fitzgerald and Buabeng specifically, which

4  support these conclusions.

5      Moreover, at best, Plaintiff's claims sound in negligence and do not set forth

6  any facts to support the existence of evil intent or reckless indifference with respect

7  to either Drs. Fitzgerald or Buabeng. As such, Plaintiff's claims for punitive

8  damages against these doctors should be dismissed.

9  **IV.   <u>CONCLUSION</u>**

10     For the reasons stated above, Defendants' Michael Fitzgerald, M.D. and

11  Kwame Buabeng, M.D.'s motion to dismiss the first, second, third and fifth claims

12  for relief as well as Plaintiff's claim for punitive damages should be granted.

13

14  DATED:  April 8, 2021          WOOD, SMITH, HENNING & BERMAN LLP

15

16

17  By: _____

18          TRACY M. LEWIS
            KIRSTEN K. CINQUEMANI
19          CRYSTAL N. LE
        Attorneys for Defendants, MICHAEL
20      FITZGERALD and KWAME BUABENG,
        M.D.

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

20659589.1:10652-0096

-14-

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## DECLARATION OF CRYSTAL N. LE

I, Crystal N. Le, declare as follows:

1.    I am an attorney at law duly admitted to practice before the courts of the State of California.  I am an associate with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendants, MICHAEL FITZGERALD and KWAME BUABENG, M.D..  I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2.    I make this declaration regarding my compliance with the meet and confer requirements imposed by L.R. 7-3 before any motion to dismiss may be filed with the Court.

3.    On March 12, 2020, I sent a detailed letter to Plaintiff's counsel setting forth the bases for a Motion to Dismiss on the grounds that various Causes of Action were insufficiently pled against Drs. Fitzgerald and Buabeng.  Attached to this declaration as Exhibit A is a true and correct copy of the March 12, 2021 correspondence sent by my office.

4.    On or about March 26, 2021, my office was able to meet and confer with Plaintiff's counsel regarding the subject responsive pleading.  Despite a lengthy phone call, the parties were unable to  reach an agreement resolving the objections raised in order to avoid filing the instant Motion to Dismiss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of April, 2021, at Aliso Viejo, California.

_____
Crystal N. Le

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

## **PROOF OF SERVICE**

### **Diana Alvarez v. County of Orange, et al.**
### **Case No. 8:19-cv-02072-JAK-JDE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 6A Liberty Street, Suite 200, Aliso Viejo, CA 92656.

On April 8, 2021, I served the following document(s) described as **DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 8, 2021, at Aliso Viejo, California.

_____
Nanci A. Garcia

20659589.1:10652-0096

-1-

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**SERVICE LIST**
**Diana Alvarez v. County of Orange, et al.**
**Case No. 8:19-cv-02072-JAK-JDE**

Humberto M. Guizar, Esq.
Kent M. Henderson, Esq.
Angel Carrazco, Jr., Esq.
Guizar, Henderson & Carrazco, LLP
18301 Irvine Blvd.,
Tustin, CA 92780
Tel: (714) 541-8600/ Fax: (714) 541-8601
hendolaw@gmail.com
kent@carrazcolawapc.com
angel@carrazcolawapc.com
angelica@carrazcolawapc.com
chris@carrazcolawapc.com
ely@carrazcolawapc.com
tiffany@carrazcolawapc.com
ccontreras@ghclegal.com
hguizar@ghclegal.com
elopez@ghclegal.com
hendofam@cox.net
Attorneys for Plaintiff DIANA
ALVAREZ

Daniel K. Spradlin, Esq.
Brian Moore, Esq.
Woodruff, Spradlin & Smart, APC
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Tel: (714) 558-7000/ Fax: (714) 835-7787
dspradlin@wss-law.com
bmoore@wss-law.com
Attorneys for Defendants COUNTY OF
ORANGE, a public entity, TYLER
HILSABECK, FANY RIVERA, S.
ACEVEDO, LLOYD NGUYEN,
STEVEN ALEGRIA, and J.
ASCENCION-SAHAGUN, as employees
of COUNTY OF ORANGE, a public
entity

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
6A LIBERTY STREET, SUITE 200
ALISO VIEJO, CALIFORNIA 92656
TELEPHONE 949-757-4500 ♦ FAX 949-757-4550

20659589.1:10652-0096

-2-

DEFENDANTS MICHAEL FITZGERALD, M.D. AND KWAME BUABENG, M.D.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT